## CHARLES WELLS v. WILLIAM H. BEAL.

TRESPASS BY SWINE; *Legal Fence; Damages.* In a township in which the hog-law has not been suspended, it is no defense to an action for damages done to a crop by hogs suffered to run at large that the crop is not inclosed by a legal and sufficient fence. In such case there is no necessity of applying to the fence viewers for a certificate and assessment of damages.

*Error from Bourbon District Court.*

BEAL sued *Wells* to recover damages sustained by reason of *Wells'* hogs breaking into his inclosure in the township of Scott, on the 1st day of June 1869, and destroying his growing crops of wheat and corn. The defendant answered, setting

up several defenses, the first of which was, the non-compliance by *Beal*, with the provisions of §§ 27 to 30, inclusive, of the Fence Law, (ch. 40, Gen. Stat.,) and that until the proceedings therein authorized and required had been taken no right of action had accrued. To this defense *Beal* demurred, and the demurrer was sustained, and *Wells* excepted. An amended petition was filed, in which it is alleged that the *locus in quo* was inclosed with a lawful fence, and that "no vote or election has ever been had or held in said township of Scott, by the legal voters thereof, to exempt said township from the operation of art. 7 of ch. 105 of the General Statutes, etc. To this amended petition *Wells* filed a general denial, and upon the issue so joined the case was tried at the September Term 1870. The jury were instructed to find specially upon particular questions of fact. Their verdict was as follows:

[TITLE.] "We the jury find upon the questions submitted as follows: 1st, That there was not a lawful fence around plaintiff's field or ground on which this wheat and corn were situated: 2d, That the field or ground on which said wheat and corn were growing was not inclosed by a fence substantially built, sufficiently strong to prevent stock from going through it, the bottom rail of which was not more than two feet from the ground: 3d, That the defendant did suffer his swine to run at large in the township in which said wheat and corn were situated and growing.

"We the jury find for the plaintiff, and assess his damages at $37.88."

New trial refused, and judgment upon the verdict, and *Wells* brings the case here by petition in error.

*W. C. Webb*, for plaintiff in error:

1. The court erred in sustaining the demurrer to the first defense stated in the original answer. The act relating to stock, (ch. 105,) and the fence law, (ch. 40,) took effect the same day, to-wit, October 31st, 1868. Both acts relate to damages done by swine—§ 27, ch. 40, and art. 7, ch. 105—and they are to be construed together. The action given by §§ 51 and 52 of ch. 105 (p. 1012,) is subject to two conditions.

stated in the fence law—first, plaintiff must have a "lawful fence;" and second, he must have had his fence viewed, and damages appraised, and have demanded payment of such damages, (§§ 27 to 30, page 493,) otherwise he has no legal cause of action. The facts and matters set up in the first defense, being admitted, are conclusive that the plaintiff below could not recover.

2. The jury made a specific finding that the plaintiff's fence was not a "lawful fence." This court has already decided, in *Larkin v. Taylor*, 5 Kas., 433, 445, that "before a party can recover for injuries done to his crop he must protect it with a lawful fence."* In the case at bar the special findings of facts were inconsistent with the general verdict, and must control it: Code, § 287. The court erred in giving judgment in favor of plaintiff below. It required no "motion" by defendant for judgment *non obstante*. The motion "to set aside the verdict and for a new trial," suggested the question to the court, and the court erred in not giving judgment in favor of defendant on the facts found.

*S. M. Tucker*, for defendant in error, filed no brief.

The opinion of the court was delivered by

BREWER, J.: This was an action for damages done by hogs breaking through a fence into an inclosure and destroying a crop. A general verdict was returned for defendant in error, plaintiff below. Special facts were also found. The general verdict must stand unless the special facts are inconsistent therewith. The hogs were suffered to run at large in a township in which the hog-law had not been ·by vote of

[ * IN *Larkin v. Taylor*, the plaintiff's bill of particulars, (statement of case, 5 Kas., p. 434,) alleged that defendant's "horses, *hogs*, and cattle" broke and entered plaintiff's close, "and did eat up and destroy a large quantity of oats and corn of the plaintiff, then and there growing," etc. The "report" of the case nowhere shows what particular animals, or kind of animals, committed the trespass. The court, in the opinion, (page 440,) says the action was to recover "for damages done" by defendant's "*stock*;" and this word "stock" is used all through the opinion—neither, "horses," "hogs," "cattle," nor any animals, by species, being mentioned. An examination of the *record*, however, in that case, shows that the trespassing animals were horses and neat cattle. Hence, the word "stock," as used in the opinion of the court, in *Larkin v. Taylor*, (according to the decision in this case, *Wells v. Beal*,) was not intended to include *swine*. See note to *Darling v. Rogers*, 7 Kas., 597.—REPORTER.]

the people suspended. The fact found which is supposed to be inconsistent with the general verdict is, that the fence around the inclosure was insufficient, and not a legal fence. We do not consider this· inconsistent, and therefore the verdict must stand. Whatever may be the rule in the case of damage done by neat cattle or sheep, or by hogs in a township where the hog-law has been suspended, we think that the insufficiency of the fence is no defense to this claim for damages. The common law required every man to take care of his own stock, and suffered none to run at large, except at the peril of the owner. Our statute re-enacts the common law as to hogs, though giving to each township the right by a vote to suspend this law. Ch. 105, § 7, Gen. Stat., 1011. The fence law seems impliedly to authorize cattle to roam at large, but this implication cannot outweigh the express prohibition of another statute. The case of *Larkin v. Taylor*, 5 Kas., 433, is not in conflict with this, for there no question was raised as to the hog-law, and the damages were done by horses and neat cattle. The case of *Rollins v. The U. P. Rly. Co.*, 5 Kas., 167, recognizes this distinction. This also disposes of the question raised by counsel as to the failure to apply to the fence viewers for an assessment of damages. The judgment will be affirmed. All the Justices concurring.